## WILHELMINA SPLETTSTOESSER v. ALBERT FRANKE.[1]

May 12, 1922.

No. 22,632.

**Recovery of advances — mistreatment — verdict sustained.**

1. The evidence is sufficient to sustain the verdict of the jury that certain money paid by plaintiff to defendant was an advance on account of board and lodging and that plaintiff was justified in leaving before the board and lodging were furnished.

**Charge to jury not misleading.**

2. Taking the charge as a whole it does not appear to have misled the jury as to defendant's contentions or as to the weight of evidence necessary to sustain them.

**No request to charge — no error in omission.**

3. There was no error in failure to charge more specifically as to what constitutes a sufficient consideration, in the absence of request to do so.

Action in the district court for Sibley county to recover $600. The case was tried before Tifft, J., who at the close of the testimony denied defendant's motion for a verdict in his favor, and a jury which returned a verdict for $500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*T. Otto Streissguth* and *Mueller & Streissguth,* for appellant.
*George A. & C. H. MacKenzie,* for respondent.

HALLAM, J.

1. Plaintiff is the mother of defendant's wife. Plaintiff's husband died in June, 1919. Very soon thereafter plaintiff went to live at the home of defendant and his wife on a farm in Sibley county. An agreement was made by which defendant and his wife were to furnish suitable board and lodging to plaintiff during the

[1]Reported in 188 N. W. 215.

remainder of her natural life, unless the agreement should be terminated for reasons not then known, such as not being agreeable to both parties, and plaintiff was to pay $200 a year, and in event of her sickness to provide a nurse for herself. The Franke home was not equipped with modern water and sewer facilities. These were installed by defendant pursuant to some arrangement between himself and plaintiff. Plaintiff advanced or paid to defendant $500 in cash. She also at another time turned over to defendant a Liberty Bond for $100. On July 19 defendant gave to plaintiff a receipt for $600 reciting that said sum had been received "as a part payment of necessary improvements on building to make home more convenient for her." Upon advancement of the $500 defendant proceeded to make the improvements mentioned. Plaintiff remained with the Frankes but a short time and then left to visit around with her other numerous children and relatives. She soon demanded the return of the $600, and upon refusal commenced this action to recover the amount. She alleged in her complaint that the $600 was an advancement on her board and lodging, and that defendant and his wife scolded and importuned her for money to such an extent that she was obliged to leave. Defendant alleged that the bond was given in consideration of services performed in the moving, and that plaintiff voluntarily offered to give defendant the $500 provided he would install the improvements mentioned for her comfort and convenience and denied all improper treatment. The jury found plaintiff entitled to recover the $500 cash advanced. From an order denying a motion in the alternative for judgment or for a new trial, defendant appeals.

Defendant contends that the verdict of the jury is not sustained by the evidence. The evidence is in conflict. Plaintiff was undoubtedly entitled to recover this amount if she established these two propositions: First, that the money was an advance on account of the sum agreed to be paid for board and lodging; and second, that there was mistreatment justifying plaintiff in leaving defendant's home.

The evidence is, in our opinion, quite sufficient to sustain the first proposition. The receipt of July 19 is in no sense conclusive against

this contention. Even if the money was an advance on board and lodging, it is quite consistent to say as was said in the receipt that the money was given in part payment of improvements necessary to make the home more convenient for plaintiff. Nor is the fact that the jury gave plaintiff a return of the money and not the amount of the bond necessarily inconsistent. The money and the bond were given at different times, and, plaintiff contends, under different circumstances and different understanding.

The evidence of mistreatment of plaintiff is not strong. It consists of the uncorroborated testimony of plaintiff, and it is met by the testimony of a number of witnesses to the contrary. Yet we think plaintiff's testimony makes out a prima facie case and the truth was for the jury to determine. We hold the verdict sustained by the evidence.

2. The court in charging the jury stated plaintiff's claim about as alleged, but stated that it was the claim of defendant that the money was a gift on the part of plaintiff to defendant, and then instructed them that "to establish a gift the evidence must be clear and convincing." At the conclusion of the charge, counsel for defendant took exception to this and said: "We don't claim that it was a gift, we claim that it was a contract based upon a sufficient consideration." Thereupon the court said to the jury:

"In view of counsel's statement, gentlemen of the jury, perhaps I should say to you further, that if you find that the contention of the defendant is true, whether the money advanced or paid to the defendant was a gift or whether it was made upon the understanding and upon the arrangement which he claims it was, whether a gift or whether as a contract and made upon a sufficient consideration, I say if you find that the contention of the defendant is true in this matter, then your verdict should be for the defendant. If you find that the contention of the plaintiff is true and by a preponderance of the testimony, then your verdict should be for the plaintiff."

Counsel for defendant contends that the court still misled or confused the jury, and left the issue of gift before them and led them to believe that defendant was required to establish his version of

the agreement by evidence that "must be clear and convincing." The additional instruction was necessarily given on the spur of the moment and the language was not well chosen. The court might better have withdrawn altogether the notion of a gift. But we think that, when the remarks of the court are taken in connection with the other portions of the charge, it left reasonably clear to the jury what defendant's contention really was, and we do not think the jury could have been misled into the belief that defendant was required to establish his version of the agreement by more than a preponderance of evidence.

3. Nor do we think that the failure of the court to instruct more fully as to what constitutes a sufficient consideration was error. Such instruction might properly have been given, but in the absence of request to do so the failure to instruct more fully on this point was not error.

We may add that the jury, in order to arrive at the verdict which they rendered, must necessarily have found that defendant gave plaintiff just cause for leaving his home, and if such was the fact it seems to us plaintiff would be entitled to a return of the money advanced or paid by her, even though the agreement or understanding was as defendant contends.

Order affirmed.